**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GENERAL MOTORS LLC, | ) | |
| *Plaintiff*, | ) | |
| v. | ) | No. 26 C 11679 |
| | ) | Chief Judge Virginia M. Kendall |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | ) | |
| *Defendants*. | ) | |

**OPINION & ORDER**

Plaintiff General Motors LLC filed a Motion for Entry of a Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Restraint, and Expediated Discovery ("Motion"). (Dkt. 15). The Court denies General Motors' Motion [15] for failing to establish the requirements for joinder, and subsequently, its preliminary injunction and temporary restraining order.

General Motor's Motion and supporting declarations fail to show it properly joined the forty-one Defendants. "[T]ime and again the courts of this District have held that it is not enough for a plaintiff to simply allege that multiple defendants have infringed the same patent or trademark to meet Rule 20's requirements." *Estee Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 187 (N.D. Ill. 2020); *McDowell v. Morgan Stanley & Co.*, 645 F. Supp. 2d 690, 696 (N.D. Ill. 2009); *ThermaPure, Inc. v. Temp-Air, Inc.*, 2010 WL 5419090, at *4 (N.D. Ill. Dec. 22, 2010) ("Rule 20(a)'s requirement for a common transaction or occurrence is not satisfied where multiple defendants are merely alleged to have infringed the same patent or trademark."); *Bryant v. Ent. Shopping, Inc.*, 2011 WL 3511077, at *2 (N.D. Ill. Aug. 8, 2011); *Rudd v. Lux Prods. Corp. Emerson Climate Techs. Braeburn Sys., LLC*, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011); *Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 2019 WL 6210939, at *2 (N.D. Ill. Nov. 21, 2019) (joinder not satisfied merely because multiple defendants allegedly infringe similar intellectual property in similar ways). "[O]ne defendant's alleged infringement does not 'arise out of the same transaction, occurrence, or series of transactions of occurrences' as another defendant's unrelated infringement." *Estee Lauder Cosms. Ltd.*, 334 F.R.D. at 187 (quoting Fed. R. Civ. P. 20(a)(2)(A)). General Motors' bare-bone allegations, based on speculative, unsubstantiated facts, cannot establish joinder between the forty-one distinct Defendants.

The Court will briefly address General Motors' request for *ex parte* injunctive relief against the forty-one Defendants. (Dkt. 2). General Motors seeks both a temporary restraining order (TRO)

and a preliminary injunction *ex parte*. (*Id.*) These are extraordinary, drastic remedies that are "never awarded as of right." *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345 (2024). To persuade the Court to grant these "extraordinary remedies," General Motors improperly treats all forty-one Defendants as one single defendant. But injunctions "must 'be precise and self-contained, so that a person subject to it who reads it and nothing else has a sufficiently clear and exact knowledge of the duties it imposes on him that if he violates it he can be adjudged guilty of criminal contempt.'" *Patriot Homes, Inc. v. Forest River Hous., Inc.*, 512 F.3d 412, 414-15 (7th Cir. 2008) (quoting *PMC, Inc. v. Sherwin–Williams Co.*, 151 F.3d 610, 619 (7th Cir. 1998)). The Court declines to grant General Motors injunctive relief based on imprecise and unsubstantiated assertions leveled against dozens of distinct Defendants. *See Collectanea J. Ltd. v. The Partnerships & Unincorporated Associations Identified on Schedule "A,"*, 2026 WL 891930, at *5 (N.D. Ill. Mar. 31, 2026) (dissolving an injunction against multiple defendants because "[t]he injunction, as issued, operates against all defendants collectively . . . regardless of whether they have any demonstrated connection to one another or to the core infringement alleged."); *Semisilicon Tech. Corp. v. Changzhou Jutai Elec. Co.*, 2026 WL 1694026, at *9 (N.D. Ill. June 11, 2026) (recognizing "joint legal representation does not equate to joint conduct" when plaintiff treats all five defendants "as a singular entity, lumping all their actions, knowledge, and positions as one" without explaining why joint treatment of the parties is proper).

General Motors must comply with the Court's Standing Order. "The Court requires strict compliance with these rules" and will "reject any submission that fails to comply." *Standing Order*, ¶¶ 2(a), 5.

## CONCLUSION

The Court denies Plaintiff's Motion for Entry of a Temporary Restraining Order.[1] (Dkt. 15).

Virginia M. Kendall
United States District Judge

Date: October 6, 2026

[1] Because the Court is denying Plaintiff's Motion for several independent reasons discussed above, the Court declines to consider and thus dismisses as moot, Plaintiff's requests concerning asset restraints and expedited discovery.